892 F.2d 1041
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PACIFICORP CAPITAL, INC., Plaintiff-Appellee,
v.
FRIENDLY ICE CREAM CORPORATION, Defendant-Appellant,
v.
CONTROL DATA CORPORATION, Third Party Defendant-Appellee.
 No. 88-2657.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 5, 1989.
Decided: Dec. 22, 1989.
 
 E.D.Va.
 DISMISSED.
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CA-88-247-A).
 Before MURNAGHAN and SPROUSE, Circuit Judges, and EUGENE A. GORDON, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 Robert David McDonald (Davis, Wright & Jones; Thomas A. Cocciardi on brief), for appellant.
 Cyril Vincent Smith (Richard J. Leveridge on brief); Michael Edward Geltner, for appellee.
 PER CURIAM:
 
 
 1
 Friendly Ice Cream Corporation ("Friendly") appeals the district court's awards of $47,770.90 in damages[1] and $19,931.80 in attorneys fees and costs to PacifiCorp Capital, Inc. ("PacifiCorp") on a breach of contract claim. Alternatively, Friendly appeals the district court's rejection of its third-party claims against Control Data Corporation ("Control Data"). The principal issue presented was, until by settlement of the parties it was dismissed from the case, whether the monetary award to PacifiCorp represented permissible liquidated damages, or instead, an unenforceable penalty under Virginia law. That issue being moot only Friendly's appeal from rejection of claims against Control Data remain.
 
 I.
 
 2
 Despite the settlement between Friendly and PacifiCorp, Friendly may well owe PacifiCorp $970.90, the amount of unpaid rent on the printers. Friendly conceded liability for that amount in the district court, and unless Friendly and Pacificorp expressly encompassed that liability in the settlement and dismissal, we hold the company to its concession.
 
 II.
 
 3
 We also had before us to decide whether Friendly was subject to liability for $1,000, the value of the printers immediately before their destruction. Normally, under such circumstances, the owner would be entitled to recover the value of the property destroyed. PacifiCorp, however, has by its settlement with Friendly forfeited its right to recover the $1,000, as to which, in any event, it failed to take advantage of the opportunity to mitigate its damages.
 
 III.
 
 4
 Our disposition of the case in addition moots Friendly's third-party claims against Control Data. Friendly sought recovery from Control Data for any amounts it might owe to PacifiCorp arising from destruction of the printers. Since no PacifiCorp damage recovery flowed from a favorable decision on appeal, no basis remains for the claim against Control Data. We therefore need not examine the district court's analysis of the contract and conversion claims against Control Data.
 
 IV.
 
 5
 We, consequently, dismiss the entire case as moot.
 
 
 6
 DISMISSED.
 
 
 
 [1]
 This diversity action commenced prior to the effective date of the amendment that raised the amount-in-controversy threshold to $50,000. See 28 U.S.C.A. § 1332(a) (West Supp.1989)